AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

United States of America
v.

Michael Conner

*Defendant(s)*

Case No. 23-19 MAG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of March 7, 2023 in the parish of Orleans in the Eastern District of Louisiana, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 924(c) | Possession of a Firearm in Furtherance of Drug Trafficking. |
| 21 U.S.C. § 841 | Possession with Intent to Distribute Controlled Substances. |
| 18 U.S.C. § 922(g) | Felon In Possession of a Firearm or Ammunition. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

/s/ Chad Cockerham
*Complainant's signature*

FBI TFO Chad Cockerham
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 8, 2023

Janis van Meerveld
*Judge's signature*

City and state: New Orleans, Louisiana

Honorable Janis van Meerveld, U.S. Magistrate Judge
*Printed name and title*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 23-19** |
| **v.** | * | **SECTION: MAG** |
| **MICHAEL CONNER** | * | |
| | * | |

* * *

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A COMPLAINT**

I, Chad Cockerham, Sr. being duly sworn, depose and state as follows:

1. I am a Task Force Officer (TFO) with the New Orleans Police Department (NOPD), assigned to the Federal Bureau of Investigation (FBI), United States Department of Justice. I have been employed by the NOPD since January 2009, and I have been assigned to the FBI New Orleans Violent Crime Task Force (NOVCTF) since November of 2018. This task force includes federal and state officers tasked with the responsibility of investigating fugitive matters, bank robberies, extortions, narcotic violations, firearm violations, and crimes of violence in the New Orleans metropolitan area. I have participated in investigations involving narcotics, firearm violations, and violent crimes, and am thoroughly familiar with the investigative techniques used in these investigations.

**PURPOSE OF AFFIDAVIT**

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents of the NOVCTF and the New Orleans

Police Department (NOPD). This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841 (possession with intent to distribute controlled substance), 18 U.S.C. § 922(g) (felon in possession of a firearm or ammunition), and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of drug trafficking) have been committed by MICHAEL CONNER.

**PROBABLE CAUSE**

4. On Tuesday, March 7, 2023, at approximately 5:16 p.m., TFO Chad Cockerham (Badge 1207), manning unit 4802, employed with the New Orleans Police Department since January of 2009, acting in his capacity as a federal task force officer, assigned to the Federal Bureau of Investigation, was monitoring the area of Pauger Street and North Prieur Street in the Fifth Police District of New Orleans, Louisiana, due to an uptick in gun related crimes within the area. TFO Cockerham has also received intelligence from concerned citizens about subjects loitering in this area participating in the sales of illegal narcotics and possessing firearms.

5. While monitoring this area TFO Cockerham observed an unknown black male (braided hair) clad in a white tee shirt, stone washed jeans, a dark colored jacket, gray Jordan brand tennis shoes, and a black bag draped across his body, approach the intersection and begin to converse with two unknown black males, who were sitting on the steps of a residence at 2600 Pauger Street. TFO Cockerham was alerted to the unknown male with the black bag due to TFO Cockerham observing that the subject had a firearm fully concealed in his right front packet. TFO Cockerham was able to identify the firearm due to the magazine, which was the only portion of the firearm that was exposed.

6. TFO Cockerham continued to monitor this subject and observed him remove the firearm from his pocket and place it in the black bag that was draped across his body. TFO Cockerham observed there was an exchange of United States currency between subjects at the location. TFO Cockerham observed the armed subject loiter at this intersection for a moment and then walk westbound on North Prieur towards Saint Anthony Street. The unknown male that was armed was accompanied by two other unknown black males as he walked in the block. TFO Cockerham was alerted to one of the unknown males (later identified as MICHAEL CONNER) due to his jogging pants on the right-hand side were sagging lower than the left-hand side. TFO Cockerham observed CONNER was clad in a button-down shirt, red joggers, and a baseball cap. TFO Cockerham observed a heavy object was in the pocket of the red joggers, which caused the joggers to sag on the right side. TFO Cockerham, through his training and experience, has known subjects to place firearms in their pockets which can cause joggers to sag in this manner and reasonably believed that CONNER was carrying a weapon in his pocket.

7. Detective Cockerham, based on his observations of the subject with the black bag committing the offense of illegal carrying of a concealed firearm, and his reasonable suspicion that CONNER was armed, summoned the New Orleans Police Department Special Operations Division to the scene to conduct an investigatory stop on the subjects.

8. Officers arrived on the scene and detained CONNER. Officers discovered CONNER was in possession of a loaded black and silver Smith & Wesson .40 caliber (S/N, FDV6307). Officers also discovered CONNER was in possession of a digital scale as well as Tapentadol tablets. CONNER was also in possession of key to a to a Nissan Altima that was parked

near the location of the arrest. Officers observed in plain view in the vehicle plastic baggies as well a hand rolled cigar.

9. TFO Cockerham prepared a search warrant for the vehicle, which was signed by Orleans Parish Magistrate Commissioner Joyce Sallah. During the search of the vehicle, Officers discovered a plastic bag containing high grade marijuana clumps. The amount of marijuana in the bag, which was approximately an ounce, was consistent with distribution and not personal use. Further, CONNER possessed scales and plastic baggies, which are typically associated with distribution, and was observed exchanging cash with other individuals. Given that CONNOR was carrying the gun on his person, along with scales, and had the marijuana in a car that was right near where he was loitering, as well as my general experience that firearms are tools of the trade for drug dealers, I believe CONNOR possessed the gun in further of his drug trafficking activity.

10. My belief that CONNER possessed with marijuana with the intent to distribute was furthered by a review of his criminal history. TFO Cockerham conducted a name check of CONNER and discovered he has been convicted twice of felony charges for possessing marijuana with the intent to distribute. The records reflect that CONNER pleaded guilty, which in my experience means he was present in Court and therefore aware of his felony convictions.

11. I am aware that Smith & Wesson pistols like the one CONNER possessed are not manufactured in Louisiana and thus that the pistol CONNER possessed necessarily had to travel in interstate commerce before CONNOR possessed it.

Respectfully submitted,

*/s/ Chad Cockerham, Sr.*
Task Force Officer Chad Cockerham, Sr.
Federal Bureau of Investigation

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Subscribed and sworn to before me on
this 8th day of March, 2023,
New Orleans, Louisiana.

Janis van Meerveld

HONORABLE JANIS VAN MEERVELD
CHIEF UNITED STATES MAGISTRATE JUDGE