UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                             CRIMINAL ACTION

VERSUS                                                              No. 23-54

MICHAEL CONNER ET AL.                                SECTION I

ORDER & REASONS

Before the Court are two motions[1] filed by defendant Michael Conner ("Conner") and defendant Robert Hall ("Hall") (collectively, the "defendants"). Both defendants move to dismiss the indictment, arguing that 18 U.S.C. § 922(g)(1) is unconstitutional pursuant to the Second Amendment, the Commerce Clause, and the Due Process Clause. Both motions are opposed by the government.[2] Conner filed a reply to the government's opposition.[3] For the reasons that follow, the Court denies the motions to dismiss.

I. BACKGROUND

On March 24, 2023, defendants were indicted.[4] Count 1 charged Conner with knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) which proscribes possessing a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year. Count 1 was based on prior convictions "for possession with intent to distribute less than 2.5 pounds of marijuana, in

---

[1] R. Doc. No. 50 (Conner's motion); R. Doc. No. 52 (Hall's motion).
[2] R. Doc. No. 55 (government's response); R. Doc. No. 68 (government's supplemental briefing).
[3] R. Doc. No. 59.
[4] R. Doc. No. 17.

violation of Louisiana Revised Statute 40:966(B)(2)(a), [ ] [for] possession of cocaine less than two grams, in violation of Louisiana Revised Statute 40:967(C)(1)[,]" and "for possession with intent to distribute marijuana, in violation of Louisiana Revised Statute 40:966(B)(2)(a)."[5] Count 2 charged Hall with knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), based on his prior convictions "for attempted simple robbery, in violation of Louisiana Revised Statute 14:65(27), and simple robbery, in violation of Louisiana Revised Statute 14:65; and "for being a convicted felon with a firearm, in violation of Louisiana Revised Statute 14:95.1."[6]

Defendants move to dismiss the indictment, arguing that 18 U.S.C. § 922(g)(1) is unconstitutional both on its face and as applied pursuant to the Second Amendment.[7] Defendants also argue that 18 U.S.C. § 922(g)(1) is unconstitutionally vague in violation of the Due Process Clause and exceeds Congress's power pursuant to the Commerce Clause.[8] The government opposes these motions, arguing that many courts have already rejected defendants' contention that 18 U.S.C. § 922(g)(1) is unconstitutional and that the Court of Appeals for the Fifth Circuit has foreclosed defendants' argument regarding the Commerce Clause.[9]

## II. LAW AND ANALYSIS

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine

---

[5] *Id.* at 1–2.
[6] *Id.* at 2.
[7] R. Doc. No. 50, at 1; R. Doc. No. 52, at 1.
[8] R. Doc. No. 50-1, at 18; R. Doc. No. 52-1, at 17.
[9] R. Doc. No. 55.

without a trial of the general issue." If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005).

As mentioned, defendants argue that, because of recent Supreme Court jurisprudence, 18 U.S.C. § 922(g)(1) is unconstitutional both on its face and as applied.[10] Defendants' motions to dismiss the indictment are appropriate pretrial motions because they do not involve disputed facts or require a trial of the general issue. *See* Fed. R. Civ. P. 12(b)(1); *Flores*, 404 F.3d at 325.

18 U.S.C. § 922(g)(1) provides that "it shall be unlawful for any person . . . who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year [ ] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

---

[10] R. Doc. No. 50-1, at 1; R. Doc. No. 52-1, at 1. "A facial challenge is really just a claim that the law or policy at issue is unconstitutional in all its applications. So classifying a lawsuit as facial or as-applied affects the extent to which the invalidity of the challenged law must be demonstrated and the corresponding "breadth of the remedy," but it does not speak at all to the substantive rule of law necessary to establish a constitutional violation." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1127 (2019). Accordingly, "'[w]hen a litigant brings both as-applied and facial challenges,' courts are to 'decide the as-applied challenge first because it is the narrower consideration.'" *United States v. Melendrez-Machado*, No. EP-22-CR-00634-FM, 2023 WL 4003508, at *10 (W.D. Tex. June 14, 2023) (addressing both as-applied and facial challenges to 18 U.S.C. § 922(g)(1)) (quoting *Buchanan v. Alexander*, 919 F.3d 847, 852 (5th Cir. 2019)). Because defendants are unsuccessful in their as-applied challenge, there is no need to address the facial challenge because defendants will not be able to "establish that no set of circumstances exists under which the Act would be valid." *See Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655 (5th Cir. 2006).

### a. Second Amendment Challenge to 18 U.S.C. § 922(g)(1)

This Court recently addressed the arguments raised by defendants regarding whether 18 U.S.C. § 922(g)(1) violates the Second Amendment following the U.S. Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*[11] and the Fifth Circuit's decision in *United States v. Rahimi*.[12] *See United States v. Bazile*, No. CR 23-34, 2023 WL 7112833 (E.D. La. Oct. 27, 2023) (Africk, J.). The Court adopts the reasoning set forth in that opinion and reaffirms that "*Bruen* did not disturb binding Fifth Circuit precedent regarding the constitutionality of 18 U.S.C. § 922(g)(1), and, even if it did, . . . the authority to determine whether the Fifth Circuit's pre-*Bruen* precedent regarding the constitutionality of § 922(g)(1) has been overturned by an intervening change in the law lies with the Fifth Circuit alone." *Id.* at *4 (quoting *United States v. Thompson*, No. CR 22-173, 2023 WL 3159617, at *5 (E.D. La. Apr. 27, 2023) (Ashe, J.)). Additionally, "*Rahimi* had no occasion to address the constitutionality of § 922(g)(1), nor did it purport to do so." *Id.* (quoting *Thompson*, No. CR 22-173, 2023 WL 3159617, at *4). Therefore, the Court rejects defendants' arguments regarding the constitutionality of 18 U.S.C. § 922(g)(1) pursuant to the Second Amendment.

### b. Due Process Clause Challenge to 18 U.S.C. § 922(g)(1)

As mentioned, defendants also argue that § 922(g)(1) is unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment to the United

---

[11] 142 S. Ct. 2111 (2022).

[12] 61 F.4th 443 (5th Cir. 2023), *cert. granted*, No. 22-915, 143 S. Ct. 2688 (2023).

States Constitution. That clause provides that "[n]o persons shall … be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend V. "[T]he Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015).

"The Supreme Court has emphasized that courts, when responding to a vagueness challenge, should consider the 'strong presumptive validity that attaches to an Act of Congress.'" *United States v. Barton*, 418 F. Supp. 3d 134, 135–36 (E.D. La. 2019) (Africk, J.) (quoting *Skilling v. United States*, 561 U.S. 358, 403 (2010)). "[S]tatutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." *Id.* (quoting *United States v. Nat'l Dairy Prod. Corp.*, 372 U.S. 29, 32 (1963)). "As a threshold matter, each defendant must show that the statute is vague *in his case. . .*" *United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009).

Instead of arguing that the text itself is vague, defendants argue that § 922(g)(1) is vague because some courts have deemed it unconstitutional as applied to certain subsets of felons.[13] As noted by the government,[14] other United States District Courts have held that this argument misunderstands a vagueness challenge because it challenges a Supreme Court ruling or rulings by other courts as vague

---

[13] R. Doc. No. 50-1, at 18; R. Doc. No. 52-1, at 17.
[14] R. Doc. No. 68, at 3.

instead of the law itself. *See, e.g.*, *United States v. Wilkins*, No. 522CR00016GFVTMAS1, 2023 WL 6050571, at *4 (E.D. Ky. Sept. 15, 2023) ("[Defendant] argues that the Supreme Court's decision in *Bruen* established an unworkable framework for Second Amendment questions. And with an unclear scope of the Second Amendment, ordinary people cannot understand what conduct the government may prohibit. This misunderstands vagueness challenges. Simply, vagueness focuses only on the statute regulating a person's conduct.") (citations omitted); *United States of America v. Don Clark Sherls Jr.*, No. 2:22-CR-13 JD, 2023 WL 8185665 (N.D. Ind. Nov. 27, 2023) ("Vagueness challenges focus on the statute regulating the person's conduct, and [defendant] offers no legal authority to suggest that a Supreme Court decision alters the statutory analysis.").

Defendants fail to argue that the statute is vague as applied to the facts of their specific case. *See United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009). Defendants do not cite to any language in the law that creates uncertainty or fails to provide them with fair notice of prohibited conduct. Furthermore, defendants do not provide any support for their contention that Supreme Court precedent can render a clear statute unconstitutionally vague. Defendants' conduct is clearly proscribed by the statute and therefore the statute is not unconstitutionally vague as applied to the facts of this case.

### c. Commerce Clause Challenge to 18 U.S.C. § 922(g)(1)

As mentioned previously, defendants also argue that 18 U.S.C. § 922(g)(1) exceeds Congress's power under the Commerce Clause pursuant to the analysis set

forth in *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012). In their motions, both defendants acknowledge that "this argument presently is foreclosed."[15]

The U.S. Fifth Circuit Court of Appeals has stated that "[i]n United *States v. Wallace*, 889 F.2d 580, 583 (5th Cir.1989), we concluded that § 922(g)(1) is a valid exercise of Congress's authority under the Commerce Clause. Following *Wallace*, we have consistently upheld the constitutionality of § 922(g)(1)." *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013), *cert. denied*, 134 S.Ct. 1570 (2014). With respect to the case relied upon by defendants, the Fifth Circuit has explained, "[*National Federation*] did not address the constitutionality of § 922(g)(1), and it did not express an intention to overrule the precedents upon which our cases—and numerous other cases in other circuits—relied in finding statutes such as § 922(g)(1) constitutional." *Id.* The Fifth Circuit concluded that it is "bound by our prior precedents and . . . this issue is foreclosed." *Id.*

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motions to dismiss are **DENIED.**

New Orleans, Louisiana, December 7, 2023.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. No. 52-1, at 18; R. Doc. No. 50-1, at 19.